IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v.                                                    Case No.: 21-cr-107-jdp

JAMES MCGOWAN, JR.,

Defendant.

---

## PLEA AGREEMENT

---

1.      This is the proposed plea agreement between the defendant and the
United States in the above-captioned case.

2.      **PLEA AND PENALTIES:** The defendant agrees to plead guilty to Count 1
of the indictment. This count charges a violation of Title 18, United States Code, Section
922(g)(1), which carries maximum penalties of ten years in prison, a $250,000 fine, a
three-year period of supervised release, and a $100 special assessment.  In addition to
these maximum penalties, any violation of a supervised release term could lead to an
additional imprisonment term pursuant to 18 U.S.C. § 3583.  The defendant agrees to
pay the special assessment at or before sentencing and understands that the Court will
enter an order requiring the immediate special assessment payment under 18 U.S.C.
§ 3013.  In an appropriate case, the defendant could be held in contempt of court and
receive an additional sentence for failing to pay the special assessment.

3.      **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant
acknowledges by pleading guilty, that he is giving up these rights: (a) to plead not
guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and
if necessary to have the Court appoint counsel – at trial and at every other stage of the
trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be
protected from compelled self-incrimination; (f) to testify and present evidence; and (g)
to compel the attendance of witnesses.

4.      **IMMIGRATION CONSEQUENCES:** The defendant understands that
upon conviction, if he is not a United States citizen, he may be removed from the United
States, denied citizenship, and denied future admission to the United States. The
defendant nevertheless affirms that he wants to plead guilty regardless of any removal

and immigration consequences that this plea may entail, even if the consequence is automatic removal from the United States.

5.     **FACTUAL BASIS:**  The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

### FELONY CONVICTION

In Dane County Circuit Court case number 2016CF2062, on March 16, 2017, the defendant James McGowan pled guilty to Felony Bail Jumping. On that same date, he signed a plea questionnaire and waiver of rights form stating that the maximum penalty for that charge was imprisonment not to exceed six years.  He was convicted of that offense and placed on probation for a period of three years.

### FACTS

On September 20, 2021, Madison officers were looking for the defendant because he was wanted on warrants.  Officers learned that McGowan was staying with his girlfriend at 4901 Lien Road, Madison, in the Western District of Wisconsin.  Officers saw McGowan drive his girlfriend's vehicle into the underground parking garage.  When McGowan got out of the vehicle and was walking with another subject, two uniformed officers approached him and yelled "James! Stop! Police!"  The officers caught McGowan and secured him in handcuffs.  Officer Jeremiah Zielicke noticed a handgun in McGowan's waistband and pointed it out to other officers.

Officer William Rentmeester assisted in this arrest and saw a handgun grip sticking out of McGowan's waistband.  He removed the gun noting that it was a Springfield Armory Hellcat 9mm with a loaded magazine and round in the chamber.

McGowan was read and waived his Miranda rights.  McGowan said that he bought the handgun a day and a half earlier from someone on the street, and that he got it for protection.  When asked how he purchased the gun, McGowan said "I'm not allowed to obviously because I'm a felon."

**NEXUS**

Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Mike Aalto reports that the Springfield Armory Hellcat 9mm pistol was manufactured in Illinois, and therefore previously travelled in interstate commerce.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

6.    **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

7.    **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this pea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before ~~March 3, 2022.~~ March 6 AV JM

8.    **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all

financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

9. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

10. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

11. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

TIMOTHY M. O'SHEA
United States Attorney

March 14, 2022

_____
Date

By:_____
COREY STEPHAN
Assistant United States Attorney

_____
Date

_____
ALEX VLISIDES
Attorney for the Defendant

_____
Date

_____
JAMES MCGOWAN, JR.
Defendant

4

## ACKNOWLEDGEMENTS

I, James McGowan, Jr., am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

03/6/22
_____
Date

_____
JAMES MCGOWAN, JR.
Defendant


I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

3/14/22
_____
Date

_____
ALEX VLISIDES
Attorney for Defendant