IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.  Case No. 21-cr-00107-jdp

JAMES MCGOWAN, JR.,

Defendant.

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by Timothy M. O'Shea, United States Attorney for the Western District of Wisconsin, by Corey C. Stephan, Assistant United States Attorney for that district, hereby submits this sentencing memorandum.

**1. Nature and Circumstances of the Offense**

On September 20, 2021, the defendant was a convicted felon and was released on state bail in four cases charging felon in possession of a firearm, felony bail jumping, armed robbery, drug possession, and third-degree sexual assault. (Dkt. "PSR," ¶¶ 14 and 16).

Madison police officers were looking for the defendant because he had multiple warrants for his arrest. (PSR, ¶ 8). They found him in the parking garage of his girlfriend's apartment building and yelled for him to stop. (PSR, ¶ 9). Officers identified themselves and ordered the defendant to stop. He fled and officers had to take the defendant to the ground and forcibly secure his arms before handcuffing him.

(PSR, ¶ 11). Officers noticed a handgun in the waistband of his underwear and, upon removing it, found that the defendant had been concealing and carrying a loaded 9mm pistol. (PSR, ¶¶ 11-12). He said that he bought it the previous day at a gas station. (PSR, ¶ 13).

**2. The History and Characteristics of the Defendant**

The defendant has a lengthy criminal history including a strong-armed robbery of victim over an Xbox in 2015 when he was 16 years old. (PSR, ¶ 37). In 2016, the defendant was driving a stolen vehicle that was believed to have been involved in an armed robbery (though the defendant disputes that claim). (PSR, ¶ 40).

In 2016 the defendant was also convicted of felony offenses including, driving a stolen vehicle, felony bail jumping and escape, was placed on probation, and approximately two years later revoked and sentenced to a year in jail. (PSR, ¶¶ 40, 41, and 42).

But what is perhaps most telling of his character to reoffend and dangerousness to the community is the fact that he was on bail for felon in possession of a firearm, driving a stolen vehicle, second degree reckless endangering safety, third-degree sexual assault, armed robbery, and theft of a firearm. (PSR, ¶¶ 48, 49, 50, and 51).

**3. The Need for the Sentence Imposed**

Even after being released on bail in cases that are very likely, if convicted, to result in a prison sentence, the defendant illegally carried a concealed firearm and resisted officers' attempts to arrest him. That indicates that he is a significant danger to the community, and that intervention (charges and bail release) are not sufficient to

deter him from illegally carrying a gun. Because of that, a term of imprisonment is necessary to protect the community and specifically deter the defendant from carrying a gun in the future.

### 4. Sentencing Guidelines

The government agrees with the defendant's objections to the base offense level and obstruction of justice enhancer. (Dkt. 23). While the Revised PSR ("PSR") no longer calculates the base offense level with the prior escape conviction, it does maintain the adjustment for obstruction. (Dkt. 25).

The government looked at cases from this district and others in analyzing the application of the USSG § 3C1.2 enhancer. The cases all had a common theme – either a gun was handled during flight, or the subject reached for a gun or the area where the gun was carried while resisting. Both the defense and Addendum to the PSR ("Addendum") cite *United States v. Easter*. 552 F.3d 519 (7th Cir. 2007).

The facts in the defendant's case are not on point with *Easter*. He did not draw a gun and attempt to point it at officers but pulled his left arm away from the officers and tucked it under his chest and stomach area. (PSR, ¶ 11). The gun was concealed in his underpants. At no time did the officers report that the defendant was attempting to place his hands into his waistband area or pants, which is the fact that most distinguishes this case from the others addressing this enhancer.

The Addendum cites the Fourth Circuit case of *United States v. Dennings*. 922 F.3d 232 (4th Cir. 2019). While *Dennings* is certainly closer to the defendant's case than many others, it is still factually distinct. There the court found that Dennings did not

3

merely flee while armed, but fled from police sirens after discharging a gun, the officers chasing him saw something in his right hand that was not swinging as freely as the left, he ignored officer's commands, when on the ground held his right arm under his body, and the gun was recovered from a jacket pocket. *Id.*, at 237. The court concluded that "the record reflects that while Dennings was running, he behaved differently with his right hand than his left, his right hand was holding or reaching near a firearm located in his jacket pocket, and he 'was hesitant' in relinquishing control of his right arm when that arm was also on or near a firearm." *Id.*, p. 237-238.

This would be a more compelling case for the enhancer had the defendant been reaching inside of his pants, but those are not the facts. Therefore, the government will not be pursuing a USSG § 3C1.2 enhancer. However, the fact that he was resisting arrest is still a legitimate factor for the court to consider at sentencing.

5. **Conclusion**

For these reasons, the government respectfully recommends that a period of incarceration on the higher end of the guideline range is appropriate in this case.

Dated this 21st day of June 2022.

Respectfully submitted,

TIMOTHY M. O'SHEA
United States Attorney

By:       /s/
COREY C. STEPHAN
Assistant U. S. Attorney

4